1 | PHILLIP A. TALBERT
United States Attorney
2 | KRISTIN F. SCOTT
Assistant United States Attorney
3 | 501 I Street, Suite 10-100
Sacramento, CA 95814
4 | Telephone: (916) 554-2700

5 | Attorneys for Plaintiff
United States of America

6

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,                    CASE NO.  2:23-MJ-00107-AC

12 |                              Plaintiff,      UNITED STATES' BRIEF REGARDING
                                                 SUPERVISED RELEASED HEARING
13 |                    v.                        SCHEDULED FOR JULY 26, 2023

14 | ROSS ANTHONY FARCA,                          DATE: July 26, 2023
                                                 TIME: 2:00 p.m.
15 |                             Defendant.       COURT: Hon. Allison Claire

16

17        On July 25, 2023, Defendant Ross Anthony Farca ("Defendant") appeared before this Court for

18   an initial appearance on supervised release violation out of the Northern District of California.  At the

19   initial appearance, Defendant requested an identity hearing, a preliminary examination, and a detention

20   hearing.  The United States moved for detention and the Court granted temporary detention. The Court

21   set an identity hearing and a preliminary examination for July 26, 2023.  As set out below, Defendant does

22   not have a right to a preliminary examination.  Instead, Rule 32.1 directs the Court to review "the

23   judgment, warrant, and warrant application" and then determine if "the person is the same person named

24   in the warrant."  Fed. R. Crim. P. 32.1(a)(5)(B). If the Court determines that it is the same person, then

25   the Court "transfer[s] the person to the district that has jurisdiction."  *Id.*

26        No preliminary hearing is authorized or required for a supervised release violation from the

27   Northern District where the alleged violate did not occur in the Eastern District.  As set out in Rule

28   32.1(a)(5), if a person is arrested or appears in a district that does not have jurisdiction to conduct a

UNITED STATES' BRIEF                              1

1   revocation hearing, the Court is faced with two alternatives, depending on where the alleged violation

2   occurred.  If the alleged violation did not occur in the district of arrest, as they did not in this case, Rule

3   32.1(a)(5)(B) directs that the Court "must" transfer the person (here, Defendant) to the district that has

4   jurisdiction if two conditions are met: (1) the government produces certified copies of the judgment,

5   warrant, and warrant application, or produces copies of those certified documents by reliable electronic

6   means; and (2) the judge finds that the person is the same person named in the warrant."  Thus, although

7   32.1(a)(5)(A), which governs appearances where the alleged violation occurred within the district of

8   arrest, contemplates and provides for a finding of probable cause supporting a violation, Rule

9   32.1.(a)(5)(B) does not.  In *United States v. Ivy*, the Sixth Circuit examined the case of a defendant who

10  was detained and transferred to another district under the same supervised release process and observed,

11  "Two days later, on April 6, the court conducted a combined detention and identity hearing, and

12  transferred defendant's case to the Eastern District of Kentucky as required under Rule 32.1."  678 F.

13  App'x 369, 374 (6th Cir. 2017); *see also United States v. Jaitly*, No. 09-644-M, 2009 WL 1675086, at *4

14  (E.D. Pa. June 15, 2009) ("However, if the alleged violation occurred somewhere other than the district

15  of arrest, the defendant does not have the right to a preliminary hearing in the district of arrest."); *United*

16  *States v. Reyes-Gutierrez*, No. 08-M-67, 2008 WL 3538575, at *1 (E.D. Wis. Aug. 11, 2008) ("it appears

17  that the absence of a specific preliminary hearing clause in Rule 32.1(a)(5)(B) is due to the fact that such

18  hearing cannot occur in a district lacking jurisdiction (unless the alleged violation occurred there)");

19  *United States v. Zu Quan Zhu*, 214 F.R.D. 21 (D. Mass. Jan. 10, 2003) (stating, "if the alleged violation

20  occurred in the district of arrest, the preliminary hearing is to be held in the district of arrest.").

21       In this case, the petition sets out that the violations in this case occurred in Contra Costa County.

22  (ECF No. 73).  Contra Costa is in the Northern District of California.  Public Law 89-372 (March 18,

23  1966).  Therefore, because the alleged violations did not occur in the district of arrest (the Eastern District),

24  no preliminary hearing is to be held in the district of arrest—the only proceeding which would occur there

25  is an identity hearing. Identity is established through a showing of probable cause that the person appearing

26  in court is the same person named in the warrant. *See United States v. Saldana-Beltran*, 37 F. Supp. 3d

27  1180, 1186 (S.D. Cal. 2014); *United States v. Antoine*, 796 F. Supp. 2d 417, 420 (E.D.N.Y. 2011).

28       Appended herein as Exhibits A, B, and C are certified copies of the judgment, warrant, and petition

UNITED STATES' BRIEF                                         2

1  in the underlying case (*United States v. Ross Antony Farca*, 4:19-cr-00643 (N.D. Cal. June 1, 2020) (ECF

2  Nos. 50 and 73) that were obtained from the Northern District of California. Where this Court need not

3  find probable cause for each of the listed violations, the only remaining issues here are (1) identity and (2)

4  detention.

5

6   Dated:  July 26, 2023                              PHILLIP A. TALBERT
                                                        United States Attorney
7

8                                              By:  /s/ KRISTIN F. SCOTT
                                                    KRISTIN F. SCOTT
9                                                   Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' BRIEF                              3