# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Venue

**Petition for Warrant for Person Under Supervision**

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
Clerk, U.S. District Court
Northern District of California
by: Jessie Mosley
Deputy Clerk
Date: 07/26/2023

**Person Under Supervision**
Ross Anthony Farca

**Docket Number**
0971 4:19CR00643-001 JST

**FILED**
Oct 21 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**Name of Sentencing Judge:** The Honorable Jon S. Tigar
United States District Judge

**Date of Original Sentence:** May 28, 2020

**Original Offense**
Count One: False Statements to a Government Agency, 18 U.S.C. § 1001(a)(2), a Class D felony.

**Original Sentence:** Time served, three years probation

**Special Conditions:** Special assessment $100; restitution $17,832; no contact with U.S. Army; mental health treatment; search; not possess a computer without first having monitoring software installed; enroll in CIMP; computer search; and no data encryption program.

**Prior Form(s) 12:** On September 17, 2020, a petition was filed with the Court alleging Mr. Farca violated his terms of supervised release by failing to participate in the probation's internet monitoring program (four counts). On September 24, 2020, the client appeared before the magistrate duty judge for an initial appearance on the petition. The Honorable Judge DeMarchi ordered the client to be placed on location monitoring pending the court proceedings, which was scheduled for October 16, 2020. On September 25, 2020, Mr. Farca was placed on the location monitoring program.

On October 8, 2020, a probation search was conducted of the client's home. The search was based on Mr. Farca obtaining a new phone without notifying probation, circumventing computer monitoring software, and disturbing text messages on the client's phone that included mass shootings, violence against law enforcement, creating a militia, discussing child pornography, and purchasing an unauthorized laptop.

On October 12, 2020, Mr. Farca cut off his location monitoring device (ankle monitor). U.S. Probation Officers responded to his home that evening and replaced the strap (which he admitted to cutting off). On October 13, 2020, Judge DeMarchi was notified of the violation conduct and took judicial notice of the violation.

**RE:** Farca, Ross Anthony 2
0971 4:19CR00643-001 JST

On October 15, 2020, Mr. Farca was arrested by Concord Police Department for new state charges (as detailed below). Because Mr. Farca was in state custody on October 16, 2020, he failed to appear before Your Honor and subsequently a bench warrant was issued for his arrest. A further status hearing was scheduled for October 30, 2020, at 9:30 a.m.

| **Type of Supervision** | **Date Supervision Commenced** |
|---|---|
| Supervised Release | May 28, 2020 |
| **Assistant U.S. Attorneys** | **Defense Counsel** |
| Leah Paisner | Kenneth Wine (Appointed) |

### Petitioning the Court

**Petitioning the Court to dismiss the petition filed with the Court on September 17, 2020, and issue a warrant based on the same charges (One through Five) and includes a new charge (number Six) in bold print. Client is scheduled to appear in court before Your Honor on October 30, 2020, at 9:30 a.m.**

I, Nicole M. Brown, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the person under supervision violated special condition number five that he may not possess any computer that is not subject to the probation office's Computer and Internet Monitoring Program (CIMP) or that is not brought to the attention of the U.S. Probation Officer without first having monitoring software installed. |
| | On July 30, 2020, Mr. Farca was scheduled for a remote software installation by our contracted computer monitoring company on his Blu V9 Android phone. Immediately following the installation, our office was informed that Mr. Farca circumvented the monitoring software and was accessing applications that were intended to be blocked. Additionally, it was determined that the Blu V9 phone was not compatible with the computer monitoring software. He was subsequently directed to purchase a new phone and provide the specifications. |

RE:   Farca, Ross Anthony                                                                                   3
      0971 4:19CR00643-001 JST

            Evidence to support this are the chronological entries dated July 30, August 3, and August 5, 2020, located in the client's electronic probation file.

Two          There is probable cause to believe that the person under supervision violated special condition number five that he may not possess any computer that is not subject to the probation office's Computer and Internet Monitoring Program (CIMP) or that is not brought to the attention of the U.S. Probation Officer without first having monitoring software installed.

            On August 3, 2020, a voice mail message was left for the client instructing him to get a new cell phone (specifically a Motorola or LG brand), as his current phone was not compatible with the computer monitoring software. On August 5, 2020, I contacted the client's mother on her phone, and she put me on speaker phone so I could speak to both her and the client. I informed them both that he needed to get a new cell phone and further instructed him to notify me immediately of the specifications of the new phone. On August 7th and 24th, 2020, I sent the client text messages requesting to know the status of his new cell phone. On August 24, 2020, Mr. Farca responded and stated that he obtained a new Samsung cell phone on August 7, 2020. Mr. Farca possessed this phone for over two weeks without bringing it to the attention of the probation officer and therefore, we were not able to install monitoring software.

            Evidence to support this charge are the chronological entries for the aforementioned dates located in Mr. Farca's electronic probation file.

Three        There is probable cause to believe that the person under supervision violated special condition number five that he may not possess any computer that is not subject to the probation office's Computer and Internet Monitoring Program (CIMP) or that is not brought to the attention of the U.S. Probation Officer without first having monitoring software installed.

            On August 26, 2020, telephone contact was made with Mr. Farca and he was informed that he was scheduled for a remote monitoring software installation on August 28, 2020. An email from the computer monitoring company was sent to his email address confirming the appointment and providing instructions for the appointment. On August 28, 2020, Mr. Farca failed to contact the monitoring company for the software installation, as instructed.

            Evidence to support this charge is the email notification from the monitoring company received on September 4, 2020.

RE: Farca, Ross Anthony
0971 4:19CR00643-001 JST

4

| | |
|---|---|
| Four | There is probable cause to believe that the person under supervision violated special condition number five that he may not possess any computer that is not subject to the probation office's Computer and Internet Monitoring Program (CIMP) or that is not brought to the attention of the U.S. Probation Officer without first having monitoring software installed. |
| | On September 3, 2020, an email from the computer monitoring company was sent to Mr. Farca's email address scheduling another appointment for the monitoring software installation for September 9, 2020. On September 9, 2020, Mr. Farca failed to contact the monitoring company for the software installation, as instructed. |
| | Evidence to support this charge is the email notification from the monitoring company received on September 10, 2020. |
| Five | There is probable cause to believe that the person under supervision violated special condition number two that he pay a $100 special assessment at the commencement of the term of supervised release. |
| | As of September 14, 2020, Mr. Farca has failed to pay his special assessment. |
| | Evidence to support this charge is the payment history report from OPERA dated September 11, 2020. |
| **Six** | **There is probable cause to believe that the person under supervision violated the mandatory condition that he not violate another federal, state or local crime.** |
| | **On October 8, 2020, Mr. Farca threatened the life of a Concord, California police officer. Said conduct constitutes a violation of California Penal Code Sections 422, 71 and 136(c)(2) - Terrorist Threats; Threats Against an Executive Officer; and Attempt to Dissuade a Witness - all felonies.** |
| | **On October 15, 2020, a probation search was conducted of the client's home. During that search, Mr. Farca began yelling at Sergeant Mahan (one of the original case agents in the instant offense) "Sieg Heil" and also stated "the next time you see me, you're gonna arrest me for a 187 on you" (187 being the common term for murder as that is the corresponding California Penal Code Section).** |

NDC-SUPV-FORM 12C(1)  4/6/2015

RE:  Farca, Ross Anthony  5
0971 4:19CR00643-001 JST

> **On October 15, 2020, Mr. Farca was arrested for committing the aforementioned law violations that occurred on October 8, 2020.**
>
> **Evidence to support this charge is the Concord Police Department report number 20-10528,**

Based on the foregoing, there is probable cause to believe that Ross Anthony Farca violated the conditions of his Supervised Release.

Respectfully submitted,                          Reviewed by:

_(signed)_ Nicole M. Brown                      _(signed)_ Jennifer J. James
Nicole M. Brown                                  Jennifer J. James
U.S. Probation Officer Specialist                Supervisory U.S. Probation Officer
Date Signed: October 20, 2020

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

[X]  The Court dismisses the petition filed with the Court on September 17, 2020, and issues a warrant based on the same Charges (One through Five) and now includes Charge Number Six.

[ ]  Other:

October 20, 2020                                 _(signed)_ Jon S. Tigar
Date                                             Jon S. Tigar
                                                 United States District Judge

NDC-SUPV-FORM 12C(1)  4/6/2015

RE: Farca, Ross Anthony                                                                                  6
0971 4:19CR00643-001 JST

APPENDIX

Grade of Violations:  B [USSG §7B1.1(a)(2), p.s.]

Criminal History at time of sentencing:  I

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| Custody: | Two years<br>18 U.S.C. § 3583(e)(3) | 4-10 months,<br>USSG §7B1.4(a), p.s. |
| Supervised Release: | Three years, less any time in custody upon revocation<br>18 U.S.C. § 3583(h) | Three years, less any time in custody upon revocation<br>USSG §7B1.3(g)(2), p.s. |
| Probation: | Not Authorized | Not Authorized |