HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
Fax: 916.498.5710
douglas_beevers@fd.org

Attorney for Defendant
ROSS FARCA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROSS FARCA,<br><br>Defendant. | Case no.: 2:23-MJ-00107-AC<br><br>**OPPOSITION TO DETENTION MOTION FOR HEARING**<br><br>Date:  July 26, 2023<br>Time:  2:00 p.m.<br>Judge: Hon. Alison Claire<br><br>**No Interpreter Case** |

Defendant, ROSS FARCA, by Heather E. Williams, Federal Defender, by Douglas Beevers, Assistant Federal Defender, hereby moves the Court to hold a detention hearing pursuant to 18 U.S.C. §3143(a)(1).  Pursuant to Fed. R. Crim. P. 32.1(a)(6), after a person arrested on a violation of supervised released warrant must be taken before the U.S. Magistrate Judge who "may release or detain the person pursuant to 18 U.S.C. §3143(a)(1)."  Defendant has a liberty interest in not being detained, and has a right to contest the evidence alleged to justify detention.  *United States v. Salerno*, 107 S.Ct. 2095 (1987)(upholding the bail reform act for detention after a detention hearing).

According to the statute §3143(a)(1), the reversed clear and convincing evidence burden of proof only applies if the guideline ranges applicable to the conduct recommending imprisonment.  Under the statute "a person who has been found guilty of an offense and who is

Motion to for Release

awaiting imposition or execution of sentence" and whose "applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment" is not subject to the provision that he "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.: 18 U.S.C. §3143(a).  The clear reading of the statute is that for persons such as Mr. Farca who are only facing a guideline range of 4-10 months the Government must prove the detention factors by the preponderance of the evidence.  See ECF 4-3 TSR petition page 6.  Mr. Farca's violation if proved would result in a guideline range of 4-10 months which does not require any imprisonment, because §7B1.3(c)(1) permits a sentence to be satisfied by 4 months of community confinement or home detention.  Although Federal Rule 32.1 mandates a reversed burden of proof and clear and convincing evidence standard even for persons alleged to have violated supervised release this provision conflicts with the clear meaning of the bail reform statute and must not be followed under *Kisor v. Wilkie*, —— U.S. ——, 139 S. Ct. 2400, 204 L.Ed.2d 841 (2019).  In *Kisor*, the Supreme Court held that an agency's rules are not biding of they conflict with the statute the regulation interprets.   Congress delegated to the Supreme Court the power to prescribe rules of criminal procedure in 18 U.S.C. § 3771.

      Defense concedes there is no right to a preliminary hearing in this district.

Dated: July 26, 2023.

                                    HEATHER E. WILLIAMS
                                    Federal Defender

                                    */s/ Douglas Beevers*
                                    DOUGLAS BEEVERS
                                    Assistant Federal Defender
                                    Attorney for Defendant
                                    ROSS FARCA